UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT ADAMS, III,

                                     Plaintiff,         9:16-CV-0527
                                                                (GTS/ATB)

     v.

DAVID O'HARA; et al.,

                                     Defendants.
_____

APPEARANCES:

ROBERT ADAMS, III
07-B-1611
Plaintiff, pro se
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

      Plaintiff pro se Robert Adams, III commenced this action pursuant to 42 U.S.C. § 1983 seeking to asserts claims arising out of his confinement at Auburn Correctional Facility. *See* Dkt. No. 1 ("Compl."). Plaintiff, who is presently confined at Southport Correctional Facility, did not pay the filing fee for this action and sought leave to proceed in forma pauperis.

      Upon review of the complaint, the Court found that plaintiff's due process claims against defendants Lamanna and Venetozzi arising out of a February 2015 Tier III disciplinary hearing "implicate the validity of his disciplinary conviction and sentence," and that plaintiff was subjected to "mixed sanctions" affecting both the duration and the conditions

of his confinement. Dkt. No. 8 ("June Order") at 11.[1]  Because plaintiff had not demonstrated that these determinations have been invalidated, the Court found that the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994) barred prosecution of the due process unless plaintiff "'abandon[s], not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in [this] § 1983 suit.'" *Id.* (quoting *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006)).

Plaintiff has submitted a written statement (the "*Peralta* Waiver") in which he "waives for all times, all claims in the action, relating to disciplinary sanctions affecting the duration of my confinement (i.e., the recommended loss of good time)." Dkt. No. 10 at 1. Plaintiff further states that he "desires to proceed" with the due process claims challenging the sanctions affecting the conditions of his confinement. *Id.*

Based upon the foregoing and in accordance with plaintiff's *Peralta* Waiver, all claims set forth in the complaint relating to disciplinary sanctions imposed on plaintiff which affect the duration of his confinement are dismissed.

**WHEREFORE**, it is hereby

**ORDERED** that in accordance with plaintiff's *Peralta* Waiver (Dkt. No. 10), all claims set forth in the complaint relating to disciplinary sanctions imposed on plaintiff at the February 2015 disciplinary hearing which affect the duration of his confinement are **DISMISSED**; and it is further

---

[1] The Court concluded that plaintiff's Eighth Amendment excessive force and failure to intervene claims against C.O. O'Hara, C.O. Kirkwood, C.O. Curtis, C.O. Seery, Sgt. Dilallo, and Sgt. Walshvelo, and his Eighth Amendment medical indifference claim against Nurse Smith survived sua sponte review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A and require a response. June Order at 13.

**ORDERED** that the Clerk of the Court shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service of process on defendants. The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with copies of this Decision and Order and the June Order; and it is further

**ORDERED** that defendants, or their counsel, shall file a response to plaintiff's complaint as provided for in the Federal Rules of Civil Procedure after service of process on the defendants; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so will result in the dismissal of this action**, and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: July 15, 2016
Syracuse, NY

_[signature]_
Hon. Glenn T. Suddaby
Chief U.S. District Judge