UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT ADAMS, III,

         Plaintiff,    9:16-CV-0527
                 (GTS/ATB)
  v.

DAVID O'HARA; et al.,

         Defendants.

---

APPEARANCES:        OF COUNSEL:

ROBERT ADAMS, III
07-B-1611
Plaintiff, pro se
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. ERIC T. SCHNEIDERMAN  NICOLE E. HAIMSON, ESQ.
New York Attorney General    Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

  Plaintiff Robert Adams, III filed his pro se complaint in this action on May 9, 2016 seeking to assert claims for the violation of his rights protected under the Eighth and Fourteenth Amendments arising out of events which occurred at Auburn Correctional Facility ("Auburn C.F.") in January 2015. Dkt. No. 1 ("Compl.").

In a Decision and Order filed June 29, 2016, this Court granted plaintiff's in forma pauperis application and, upon review of the complaint, concluded that a response was required to plaintiff's Eighth Amendment excessive force and failure to intervene claims against C.O. O'Hara, C.O. Kirkwood, C.O. Curtis, C.O. Seery, Sgt. Dilallo, and Sgt. Walshvelo, and his Eighth Amendment medical indifference claim against Nurse Smith. Dkt. No. 8 ("June Order"). With respect to plaintiff's Fourteenth Amendment due process claims, plaintiff was advised that if he intended to proceed with his due process claims challenging the disciplinary sanctions affecting the conditions of his confinement, he must submit a so-called "*Peralta* Waiver" (as described in the June Order). Plaintiff filed the required *Peralta* Waiver on July 8, 2016. Dkt. No. 10. Summonses were issued for service of process on the defendants. *See* Dkt. Nos. 12, 17.

An answer to the complaint was filed on behalf of the defendants on November 21, 2016. Dkt. No. 60. The Mandatory Pretrial Discovery and Scheduling Order was issued shortly thereafter. Dkt. No. 61.

Plaintiff has filed an amended complaint, which is before the Court for review. Dkt. No. 62 ("Am. Compl.").

**II.    DISCUSSION**

The amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading, and within other specified time limitations not here relevant. Fed. R. Civ. P. 15(a)(1). Rule 15(a) states that in all other cases, the court should grant leave to amend "freely . . . when justice so requires." Fed. R.

Civ. P. 15(a); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).

As noted, defendants' answer was filed November 21, 2016. Dkt. No. 60. Plaintiff signed his amended complaint on November 28, 2016; it was received for filing on December 5, 2016. Based upon the foregoing, the Court finds that plaintiff filed his amended complaint as of right in accordance with Federal Rule of Civil Procedure 15(a). The amended complaint is the operative pleading in this action.

In his amended complaint, plaintiff restates his pending claims against the original defendants. *See generally* Am. Compl. The amended complaint also names Auburn C.F. Supt. G. Robinson and C.O. M. Cornell as additional defendants. *Id.* at 4. As noted in the June Order, both of these individuals were mentioned in the body of plaintiff's original complaint but were not identified and named as defendants in this action. June Order at 5-6. C.O. Cornell was identified as the author of one of the three inmate misbehavior reports served on plaintiff on January 19, 2015. Compl. at 32. This misbehavior report charged plaintiff with possession of a weapon, allegedly discovered by C.O. Cornell during a search of plaintiff's cell. *Id.* Plaintiff names C.O. Cornell as a defendant in the amended complaint and claims that the misbehavior report was false and retaliatory in nature. Am. Compl. at 59. With respect to Supt. Robinson, plaintiff stated in the original complaint that he affirmed the disciplinary determinations made at the February Hearing. Compl. at 42. Supt. Robinson is named as a defendant in the amended complaint; plaintiff claims that he violated his Fourteenth Amendment due process rights. Am. Compl. at 59. Plaintiff seeks an award of compensatory and punitive damages. *Id.* at 60-64.

Upon review, the Court finds that the amended complaint says enough against defendants Robinson and Cornell to require a responsive pleading from them.[1] The Clerk is directed to add Auburn C.F. Supt. Robinson and C.O. Cornell to the docket as defendants and to issue an amended summons for service of process on them.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's amended complaint (Dkt. No. 62) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk shall (i) revise the docket to reflect that Auburn C.F. Supt. G. Robinson and Auburn C.O. M. Cornell are defendants in this action; and (ii) issue an amended summons and forward it to the U.S. Marshal for service on Robinson and Cornell; and it is further

**ORDERED** that a response to the amended complaint shall be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated: December 8, 2016
   Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[1] This is not a ruling on the merits and the Court draws no conclusions about the truth of plaintiff's allegations or about the strength of evidence he might offer to corroborate them.