UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT ADAMS, III,

                      Plaintiff,

v.                                               9:16-CV-0527
                                               (GTS/ATB)

DAVID O'HARA, Corr. Officer, Auburn Corr. Fac.;
K. KIRKWOOD, Corr. Officer, Auburn Corr. Fac.;
C. CURTIS, Corr. Officer, Auburn Corr. Fac.;
L. SEERY, Corr. Officer, Auburn Corr. Fac.;
P. DILALLO, Corr. Officer, Auburn Corr. Fac.;
S. WALSHVELO, Corr. Serg., Auburn Corr. Fac.,
a/k/a S. Walshevo; E. SMITH, Reg. Nurse, Auburn
Corr. Fac.; JAMIE LAMANNA, Dep.
Superintendent of Sec., Auburn Corr. Fac.; DONALD
VENETTOZZI, Dir. of Spec. Housing, NYS DOCCS;
G. ROBINSON, Superintendent, Auburn Corr. Fac.;
and M. CORNELL, Corr. Officer, Auburn Corr. Fac.,

                      Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

ROBERT ADAMS, III, 07-B-1611
  Plaintiff, *Pro Se*
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

HON. BARBARA UNDERWOOD                  DENISE P. BUCKLEY, ESQ.
Attorney General for the State of New York        Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* prisoner civil rights action filed by Robert Adams, III ("Plaintiff") against the eleven above-captioned employees of the New York State Department of Corrections and Community Supervision ("Defendants"), are (1) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Defendants' motion for summary judgment be granted in part and denied in part; and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 153, 155.) For the reasons set forth below, Magistrate Judge Baxter's Baxter's Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion for summary judgment is granted in part and denied in part.

I.      **RELEVANT BACKGROUND**

    A.     **Magistrate Judge Baxter's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Baxter rendered the following five findings of fact and conclusions of law: (1) Defendants' initial argument that Plaintiff's claims should be dismissed for failure to exhaust his available administrative remedies is rejected because Plaintiff has adduced admissible record evidence (for a hearing) of more than a "generalized fear of retaliation" and the fact that administrative remedies were unavailable to him during the time in question; (2) Plaintiff's Eighth Amendment excessive-force claim against Defendants O'Hara, Kirkwood, Curtis, and Seery (and his related failure-to-protect claims against Defendants Dilallo and Walshvelo) with respect to the alleged assault on January 18, 2015, should not be dismissed as barred by *Heck v. Humphrey* and *Edwards v. Balisok* because, even if it could be determined that Plaintiff assaulted Defendants, Defendants could have conceivably responded with excessive force against Plaintiff; (3) Plaintiff's Eighth Amendment

medical-indifference claims against Defendant Lattimore-Smith should be dismissed because (a) Plaintiff had not established that he suffered from a serious medical need, and (b) he has not established that Defendant Lattimore-Smith acted with deliberate indifference to any such serious medical need; (4) while on May 9, 2018, the Second Circuit held that an inmate has a First Amendment right to refuse to act as an informant for prison officials, Defendant Cornell is protected from liability on this claim as a matter of law by the doctrine of qualified immunity, because the question of whether an inmate has such a First Amendment right had not been decided by either the Supreme Court or the Second Circuit at the time of the alleged incident in January 2015; and (5) Plaintiff's Fourteenth Amendment due process claims against Defendants Lamanna, Robinson and Venettozzi should be dismissed because, based on the current record, it is beyond genuine dispute that Plaintiff received the requisite procedural due process protections at his disciplinary hearing (e.g., that Defendant Lamanna did not deny Plaintiff witness testimony and documentary evidence that were crucial to his defense, and that Defendant Lamanna did not ask leading and inappropriate questions of Defendant Kirkwood that demonstrated bias against Plaintiff). (Dkt. No. 153, at Parts III-VII.)

### B. Plaintiff's Objections to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts the following two arguments: (1) Magistrate Judge Baxter erred by failing to address Plaintiff's claim (and supporting evidence) that Defendant Cornell retaliated against Plaintiff under the First Amendment by planting a weapon in Plaintiff's cell and writing a false misbehavior report against Plaintiff as a result of Plaintiff's orally complaining of harassment by Defendant Cornell for attempting to coerce Plaintiff to act as an informant; and (2) Magistrate Judge Baxter erred in finding Defendant Cornell protected

from liability as a matter of law with regard to Plaintiff's First Amendment claim because it was in fact clearly established at the time of the alleged incident in January 2015 that an inmate had a First Amendment right to make an oral complaint of harassment by a corrections officer. (Dkt. No. 155.)

## II.     STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

review.³  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*⁴

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.   ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error in those portions of the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result,

---

   ³     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

   ⁴     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds only the following analysis.

Plaintiff's two arguments for rejecting the Report-Recommendation consist simply of a reiteration of arguments previously asserted in his opposition memorandum of law. (*Compare* Dkt. No. 155 [Plf.'s Obj.] *with* Dkt. No. 138, Attach. 4, at ¶¶ 19-29 [Plf.'s Opp'n Memo. of Law].) As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review, which they easily survive. In the alternative, those two portions of the Report-Recommendation survive a *de novo* review.

Plaintiff appears to misunderstand Magistrate Judge Baxter's Report-Recommendation or the law (or both). Magistrate Judge Baxter did not misconstrue Plaintiff's First Amendment claim as a free speech claim; he properly construed it as a retaliation claim. Furthermore, Magistrate Judge Baxter did not fail to recognize the existence of admissible record evidence supporting the second and third elements of a retaliation claim; he recognized the existence of such evidence in support of the second element (i.e., evidence of adverse action in the form of a false misbehavior report and disciplinary punishment), and the existence of such evidence in support of the third element (i.e., evidence of a causal connection between Plaintiff's speech and the adverse action in the form of Defendant Cornell's subsequent planting of a contraband weapon on another inmate).[5]

---

[5] Plaintiff's argument that Defendant Cornell took adverse action against him (separate and apart from the filing of a false misbehavior report) through planting a weapon in his cell is without merit: the asserted planting of a weapon is part and parcel of the asserted filing of the false misbehavior report. More specifically, the asserted planting of the weapon is not punishable without the filing of the misbehavior report; and it is the asserted planting of the weapon what makes the misbehavior report assertedly *false*.

Rather, Magistrate Judge Baxter focused on the first element of Plaintiff's retaliation claim (i.e., whether Plaintiff engaged in speech protected by the First Amendment). Magistrate Judge Baxter correctly found that neither the right "not to snitch" nor the right to file a grievance of harassment was clearly established during the time in question. In his Objections, Plaintiff does not even bother to argue that the right "not to snitch" was clearly established during the time in question. (Dkt. No. 155, at ¶¶ 8-10.) Rather, he argues that the right to file a grievance of harassment was clearly established. (*Id.*) However, in doing so, Plaintiff's reliance on a Seventh Circuit case and Eleventh Circuit case is misplaced: in this Court, the clearly-established inquiry turns on the precedent of only the Supreme Court or Second Circuit.[6] Moreover, Plaintiff's reliance on a Supreme Court case of *Hudson v. Palmer*, 468 U.S. 517 (1984), is misplaced: that case did not recognize that a threat (by an inmate to a correctional officer) to file a grievance was protected speech for purposes of a First Amendment claim.[7]

Finally, even if the right to file a grievance of harassment in general had been clearly established during the time in question, the Court would have some difficulty finding that Plaintiff's threat to file the grievance in question was protected, given that the grievance regarded his repeated acts of refusing to serve as an informant (acts that were *not* protected at the time). However, the Court need not, and does not, decide that issue.

---

[6] The Court notes that the Seventh Circuit case relied on by Plaintiff is distinguishable on the separate ground that what was found to be protected speech in that case was not a complaint about requests to act as an informant but a complaint about prison conditions. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2007). Similarly, the Eleventh Circuit case relied on by Plaintiff is distinguishable in that the complaints therein regarded the lack of certain religious services at the correctional institution. *Mitchell v. Fracass*, 112 F.3d 1483, 1485, 1490 (11th Cir. 1997).

[7] Rather, in the portion of *Hudson v. Palmer* relied on by Plaintiff, the Supreme Court merely set forth examples of why prisons are not beyond the reach of the Constitution, including the right to access the courts through filing habeas corpus petitions. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (citing *Johnson v. Avery*, 393 U.S. 483 [1969]).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 153) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 132) is **GRANTED in part** and **DENIED in part** in the following respects:

    (1) Plaintiff's claims against **DEFENDANTS LATTIMORE-SMITH, CORNELL, LAMANNA, ROBINSON, and VENETTOZZI** are **DISMISSED**; and it is further,

    (2) Plaintiff's claims against **DEFENDANTS O'HARA, KIRKWOOD, CURTIS, SEERY, DILALLO, and WALSHVELO SURVIVE** Defendants' motion for summary judgment; and it is further

**ORDERED** that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a final pretrial conference with counsel only will be scheduled in this action, at which time the Court will schedule a jury trial on Plaintiff's Eighth Amendment excessive force claims against Defendants O'Hara, Kirkwood, Curtis, Seery and Dilallo and failure to protect claims against Defendants Dilallo and Walshvelo. Counsel are directed to appear at the pretrial conference with settlement authority from the parties.

Dated: September 25, 2018
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge