UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT ADAMS, III,

                              Plaintiff,

v.                                             9:16-CV-0527
                                             (GTS/ATB)

DAVID O'HARA, Corr. Officer, Auburn Corr. Fac.;
K. KIRKWOOD, Corr. Officer, Auburn Corr. Fac.;
C. CURTIS, Corr. Officer, Auburn Corr. Fac.;
L. SEERY, Corr. Officer, Auburn Corr. Fac.;
P. DILALLO, Corr. Officer, Auburn Corr. Fac.; and
S. WALSHVELO, Corr. Serg., Auburn Corr. Fac.,
a/k/a S. Walshevo,

                              Defendants.
_____

APPEARANCES:                                         OF COUNSEL:

ROBERT ADAMS, III
  Plaintiff, Pro Se
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011

HON. LETITIA A. JAMES                        DENISE P. BUCKLEY, ESQ.
Attorney General for the State of New York      KONSTANDINOS D. LERIS, ESQ.
  Counsel for Defendants                           Assistants Attorney General
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Robert Adams, III ("Plaintiff") against the six above-captioned New York State correctional employees ("Defendants"), is Defendants' post-judgment request for costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1(a) of the Local Rules of Practice for this Court. (Dkt. No. 176.) For the reasons set forth below, Defendants' request is granted.

I.  **RELEVANT BACKGROUND**

Generally, in their timely request, Defendants argue that, before prevailing at an exhaustion hearing in this action, they incurred recoverable costs in the total amount of one thousand four hundred eighty-five dollars and sixty-one cents ($1,485.61), calculated as follows: (1) one thousand forty-two dollars and fifty-two cents ($1,042.52) for Plaintiff's deposition on May 22, 2017; (2) one hundred nine dollars and twenty-five cents ($109.25) for copies of papers (specifically, a copy of Plaintiff's 223-page deposition transcript and a copy of Defendants' 214-page initial disclosure provided pursuant to Fed. R. Civ. P. 26 on January 12, 2017, at a rate of twenty-five cents per page); and (3) three hundred thirty-three dollars and eighty-four cents ($333.84) for fees for witnesses for attendance at the exhaustion hearing held on February 12, 2019.  (Dkt. No. 176.)

Generally, liberally construed, Plaintiff's response asserts four arguments: (1) while Defendants were prevailing parties in this action, Plaintiff's action was not dismissed on the ground that it was "frivolous, malicious, or vexatious" (and, indeed, absent their exhaustion defense, Defendants would be liable to him for assault); (2) in any event, he should not have to pay anything because he is proceeding *in forma pauperis* (and, indeed, is still obligated to reimburse the Court for his action's filing fee of $350); (3) moreover, he should not have to pay anything to *Defendants* because the costs in question have already been paid by the New York State Department of Corrections and Community Supervision and/or the New York State Attorney General's Office; and (4) finally, the should not have to pay anything to the Department of Corrections or Attorney General's Office because they "willfully" assumed the defense of Defendants.  (Dkt. No. 178.)

Generally, in reply to Plaintiff's response, Defendants assert four arguments: (1) in response to the first argument set forth above, Defendants argue that, despite Plaintiff's argument that his claim was not "frivolous, malicious, or vexatious," Defendants are still prevailing parties (and there is no record evidence to support a finding of misconduct by Defendants); (2) in response to the second argument set forth above, Defendants argue that indigency per se does not automatically preclude an award of costs (and, in any event, pursuant to a Department of Corrections Directive, the amount of the debt would be collected over time at a rate of 20% of the average monthly balance in Plaintiff's prison trust fund account); (3) one of the factors contained in the legal standard governing Defendants' request is whether Plaintiff's underlying claim was brought in good faith, which the Court should find it was not, based on the Court's finding of his lack of credibility during the exhaustion hearing; and (4) another factor the Court should consider is the deterrent effect that an Order granting costs would have on Plaintiff with regard to future meritless claims (and the lack of a deterrent effect that an Order denying Defendants' request would have). (Dkt. No. 179.)

## II. GOVERNING LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." The costs a prevailing party may recover include clerk's fees, fees for transcripts necessarily obtained for use in the case, fees for printing and witnesses, fees for copies necessarily obtained for use in the case, and a $20 dollar docket fee. *See* 28 U.S.C. §§ 1920, 1923.

Where a bill of costs is challenged, "[a] district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (citation and internal quotation marks omitted). In exercising this discretion however, it must be recognized that a cost "award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270 (citation omitted). Thus, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id*. (citations omitted). "[W]hen a prevailing party is denied costs, a district court must articulate its reasons for doing so." *Id*. (citation omitted).

### III.     ANALYSIS

After carefully considering the matter, the Court finds that Defendants are entitled to costs for the reasons stated in their initial request and their reply papers. *See, supra,* Part I of this Decision and Order. To those reasons, the Court adds only three points.

First, the Court finds that Plaintiff's third and fourth arguments are unpersuasive: the fact that the Department of Corrections and Attorney General's Office may have paid various of the costs is immaterial, as is the fact that those entities "willfully" assumed Defendants' defense.

Second, with regard to the cost of Defendants' witness fees, the Court finds that these fees were all reasonable; and, with regard to the cost of the copies of Defendants' initial disclosures pursuant to Fed. R. Civ. P. 26, the Court finds that this cost was also entirely reasonable.

Third, and finally, with regard to the cost of deposing Plaintiff and copying his deposition transcript, the Court acknowledges that only about one-third of the transcript regarded exhaustion. (*See, e.g.,* Dkt. No. 132, Attach. 8, at 122-85 [Plf.'s Depo. Trans., containing questions and testimony regarding exhaustion and grievances].) However, the Court finds that it was reasonable for Defendants to conduct a deposition on matters other than exhaustion (such as Plaintiff's substantive claims). Moreover, by the time of the exhaustion hearing, the case had been deemed ready for trial, requiring Defendants to be prepared to defend themselves against Plaintiff's claims (through the use of, among other things, his deposition transcript). As a result, the Court finds that the entire cost of deposing Plaintiff and copying his deposition transcript is reasonable. *See In re Fundamental Long Term Care, Inc.*, 753 F. App'x 878, 882 (11th Cir. 2019) ("The operative principle is that such costs are taxable when the party opposing the costs has not demonstrated that any portion of the depositions was not related to an issue which was present in the case at the time the deposition was taken.") (internal quotation marks and citation omitted).

**ACCORDINGLY**, it is

**ORDERED** that Defendants' post-judgment request for costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1(a) of the Local Rules of Practice for this Court (Dkt. No. 176) is **GRANTED**, such that costs are awarded to Defendants from Plaintiff in the amount of **ONE THOUSAND FOUR HUNDRED EIGHTY-FIVE DOLLARS AND SIXTY-ONE CENTS ($1,485.61).**

Dated: May 3, 2019
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge